George H. Potter et ux.
vs. } No. 90741.
Louis J. Shayer

February 9, 1934.

CARPENTER, J. This is an action brought by George H. Potter and his wife, Anna Potter, to recover damages for the death of their son, William R. Potter. They allege that the death was caused by the negligence of the defendant, Louis J. Shayer.

The jury returned a verdict for the plaintiffs in the sum of $3,000, and the case is now before this Court upon defendant's motion for a new trial upon the following grounds:

1. That said verdict is against the law.

2. That said verdict is against the evidence and the weight thereof.

3. That the defendant has discovered new and material evidence which he was unable by the exercise of reasonable diligence to obtain at the trial of said cause.

4. That said verdict was arrived at through sympathy and is not responsive to the real merits of the controversy and fails to do justice between the parties.

At the time arguments were made on said motion, counsel apparently abandoned the third ground and no affidavits have been filed.

It appeared from the evidence that the defendant was driving a truck at night on the Victory Highway, so-called, between the villages of Chepachet and Mapleville; that the defendant was well acquainted with said Victory Highway and lived on the road between the two villages; that the defendant had traveled over the road many times; that while so driving, within a few hundred feet of the village of Chepachet and within a short distance of a curve in the road, the lights on the truck driven by the defendant suddenly went out; that the defendant immediately stopped his truck and, believing that the lights had gone out because of the blowing out of a fuse, he ordered his son-in-law, who was riding on the seat with him, to go back to the village of Chepachet and get a new fuse; that the son-in-law thereupon reached under the dash-board of the truck, took out the old fuse and, upon receiving twenty-five cents from the defendant, proceeded back to the village of Chepachet to secure a fuse; that during this time the truck stood on the highway with-

out lights. The defendant testified that he allowed the truck to stand there for a short time because, as the lights went out, he was unable to see immediately where he was, but as his sight returned he started the engine and released the brake to move the truck out of the road, and that just as he started to move the truck, a motorcycle struck the rear end of it.

The motorcycle was driven by William R. Potter, son of the plaintiffs, and upon the rear seat of the motorcycle a young man by the name of Howard Zahn was riding. The Potter boy was killed by the collision and the Zahn boy was injured. The Zahn boy testified that they came around the curve from Chepachet and did not see the truck until they were very close to it. It was very dark and their lights in coming around the curve did not pick up the truck until too late.

Two questions were presented to the jury; the question as to whether or not the deceased was in exercise of due care and as to whether or not the defendant was negligent.

There was not much question about the due care of the deceased, but the real question in the case was whether or not the defendant was negligent in leaving his truck unlighted on a road with which he was well acquainted, and on a road which he knew was a State highway and over which there was considerable traffic, even though he left it for a short space of time only.

Apparently the jury believed that it was the duty of the defendant before he did anything else to ascertain where his truck was, if he didn't know, and to immediately remove it from the traveled road. The Court feels that the jury were justified in believing that it was the duty of the defendant to move his truck immediately from the highway, under the circumstances.

The Court feels that substantial justice has been done and the motion for a new trial is denied.

For plaintiff: Emile H. Ruch.

For defendant: Peter M. O'Reilly, J. E. L. Smith.